## THE ALMENA.
## THE PRIMO.
### Nos. 15406, 15407.

District Court, E. D. New York.
June 6, 1938.

Haight, Griffin, Deming & Gardner, of New York City (Arthur O. Louis, of New York City, of counsel), for claimants.

Melton, Lebovici & Arkin, of New York City (Herbert Lebovici and Edward Arkin, both of New York City, of counsel), for libelants.

BYERS, District Judge.

These cases involve simple wage claims by foreign seamen against foreign ships, and in each instance there is an affidavit of prior appeal to the respective consuls (Danish and Norwegian) for relief, but without result upon the asserted ground that in the absence of the vessels no adjudication could be had.

646

Now that the vessels have been libeled, there is an undertaking by affidavit by the consul in each case, to function.

■ That the Court has jurisdiction, appears from the statute, 46 U.S.C. § 597, 46 U.S.C.A. § 597. See The Paula, 2 Cir., 91 F.2d 1001.

■ The claimants are now seeking an order in each case, declining jurisdiction. It is thought that they should show an affirmative reason for the relief sought, and that they have failed to do so.

No case cited in the claimants' brief purports to state a reason why the Court should close its doors to those who seek nothing but their hire.

■ Nor will the motion be granted to dismiss the libels on the ground that costs have not been prepaid or secured. See The Memphian, D.C., 245 F. 484. If it be deemed a motion to compel the filing of security under Admiralty Rule 8 of this Court, it is denied. It does not appear why security should be required solely because the wages sought to be recovered were earned upon foreign vessels.

Motions denied. Settle orders.