102 F.2d 736 (1938)
THE ESTRELLA.
MYKLEBUST et al.
v.
MEIDELL.
No. 6633.
Circuit Court of Appeals, Third Circuit.
December 6, 1938.
Philip Dorfman, of Philadelphia, Pa., for appellants.
Krusen, Evans & Shaw, of Philadelphia, Pa. (John B. Shaw, of Philadelphia, Pa., of counsel), for appellee.
Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.
THOMPSON, Circuit Judge.
This is an appeal from a decree of the District Court for the Eastern District of Pennsylvania, dismissing a libel in admiralty.
It is averred in the libel that the motorship "Estrella" is a Norwegian vessel; that the libellants are subjects of Norway; that the vessel is within the jurisdiction of the Court; that the libellants signed shipping articles for a foreign voyage on the "Estrella" with the right to secure their discharge in any Northern European port upon seven days' notice; that prior to the departure of the "Estrella" from a French port the libellants informed the master of the vessel that in the event the vessel sailed to Spain they desired to be discharged and paid off; that when the master informed them that he would not sail for Spain they remained on board the vessel; that the master ordered the vessel to sail to the port of Seville, Spain; that *737 under Norwegian law Norwegian seamen on Norwegian vessels are entitled to be paid off and discharged in any port when there is danger of being exposed to war risk or when there is danger of the capture of the vessel; that when the vessel was at sea the libellants gave seven days' notice of their desire to be paid off and discharged; and that the master has refused their demand. The libel demands payment in full of wages alleged to be due to the date of its filing. The respondent filed exceptions to the libel and the Norwegian consul submitted an affidavit of protest. The libel was dismissed on exceptions for want of jurisdiction.
The libel is based upon Revised Statutes 4530, 46 U.S.C.A. § 597, which provides:
"Payment at ports. Every seaman on a vessel of the United States shall be entitled to receive on demand from the master of the vessel to which he belongs one-half part of the balance of his wages earned and remaining unpaid at the time when such demand is made at every port where such vessel, after the voyage has been commenced, shall load or deliver cargo before the voyage is ended, and all stipulations in the contract to the contrary shall be void: Provided, Such a demand shall not be made before the expiration of, nor oftener than once in, five days nor more than once in the same harbor on the same entry. Any failure on the part of the master to comply with this demand shall release the seaman from his contract and he shall be entitled to full payment of wages earned. And when the voyage is ended every such seaman shall be entitled to the remainder of the wages which shall be then due him, as provided in the preceding section: Provided further, That notwithstanding any release signed by any seaman under section 644 any court having jurisdiction may upon good cause shown set aside such release and take such action as justice shall require: And provided further, That this section shall apply to seamen on foreign vessels while in harbors of the United States, and the courts of the United States shall be open to such seamen for its enforcement."
The District Court, by virtue of this statute, has jurisdiction in cases involving seamen on foreign vessels while in harbors of the United States. On September 15, 1932, which is subsequent to the enactment of the above quoted statute, the United States and Norway proclaimed a treaty of Friendship, Commerce and Consular Rights (47 Stat. Part 2, 2135, 2152, Treaty Series 852). Article 22 of this treaty provides:
"A consular officer shall have exclusive jurisdiction over controversies arising out of the internal order of private vessels of his country, and shall alone exercise jurisdiction in cases, wherever arising, between officers and crews, pertaining to the enforcement of discipline on board, provided the vessel and the persons charged with wrongdoing shall have entered a port within his consular district. Such an officer shall also have jurisdiction over issues concerning the adjustment of wages and the execution of contracts relating thereto provided, however, that such jurisdiction shall not exclude the jurisdiction conferred on local authorities under existing or future laws."
It will therefore be seen under the terms of the treaty, that in cases involving the adjustment of wages of seamen on Norwegian vessels the District Court had jurisdiction concurrent with that of the Norwegian consul. Inasmuch as the jurisdiction of the District Court is concurrent, not exclusive, that Court had discretion to accept or refuse to take jurisdiction. We do not find that the District Court abused its discretion by declining jurisdiction in the instant case, for the parties litigant are Norwegians and their claim for wages in full prior to the termination of the voyage are based upon an alleged Norwegian law which permits seamen to terminate their contract if subjected to war risks without their consent. In our opinion these rights can best be determined by the Norwegian authorities to be designated by Norway in accordance with its treaty with the United States. We find no abuse of discretion on the part of the District Court.
Decree affirmed.
BIGGS, Circuit Judge (dissenting).
The appellants by the allegations of their libel against the M. S. "Estrella" claim that their contracts of employment terminated under the Norwegian law after notice given by them when the master of the M. S. "Estrella" took that ship into Seville, Spain, thereby subjecting the appellants to the risks of war. They claim all pay due them in accordance with the provisions of R.S. § 4530; Dec. 21, 1898, c. 28, § 5, 30 Stat. 756; Mar. 4, 1915, c. 153, § 4, 38 Stat. 1165; June 5, 1920, c. 250, § 31, 41 Stat. 1006, 46 U.S.C.A. § 597, and *738 further sums equal to two days' pay for each and every day on which payment was delayed pursuant to R.S. § 4529; Dec. 21, 1898, c. 28, § 4, 30 Stat. 756; Mar. 4, 1915, c. 153, § 3, 38 Stat. 1164, 46 U.S.C.A. § 596. The provisions of R.S. 4529 are applicable to foreign seamen on a foreign vessel. The Sonderborg, 4 Cir., 47 F.2d 723, certiorari denied Akties, Dampskibsselskabet Donnenborg v. Mikkelsen, 284 U.S. 618, 52 S.Ct. 7, 76 L.Ed. 527. The provisions of R.S. § 4530 are applicable to foreign seamen by the statute's express terms.
As stated by Circuit Justice Story in The Jerusalem, 13 Fed.Cas. pp. 559, 562, No. 7,293, "It is a general rule, that foreign contracts are to be construed according to the law of the place where they are made, or to be executed." In the case at bar the contracts of employment of the appellants were made in Norway and were to be executed upon the "Estrella", a ship under Norwegian registry. In the opinion of the court in The Jerusalem, Circuit Justice Story went on to state, "* * * I do not perceive the hardship of compelling a party to perform his engagements according to the construction, which the courts of his own country would put upon them. In respect to maritime contracts, there is still less reason to decline the jurisdiction, for in almost all civilized countries, these are in general substantially governed by the same rules." The Belgenland, 114 U.S. 355, 366, 5 S.Ct. 860, 29 L.Ed. 152.
I can see no reason why the law of Norway, alleged to be part of the contracts of employment of the appellants, would not be cognizable in a district court of the United States, and if so why that law would not serve as an adequate basis for the appellants' claims for wages, enforcible, not only by comity (see Hilton v. Guyot, 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95), but also by way of carrying out the intent of the treaty between the Kingdom of Norway and the United States. 47 Stat. Part 2, 2135, 2136, 2152, Treaty Series 852.
Upon the other hand, assuming that the Consular Court of Norway in Philadelphia would effect by comity the provisions of R.S. §§ 4529 and 4530, a matter concerning which doubt may be entertained since the rights given seamen thereunder are neither part of their contracts of employment nor transitory in nature, none the less the Consular Court could scarcely give to the appellants the equivalent of the right afforded to them by their suit at bar since the recovery of the appellants, if any, is protected in the suit at bar by a libel and bond. Doubt as to whether or not the Consular Court of Norway would enforce by comity the rights accrued to the appellants by virtue of the provisions of Sections 4529 and 4530 is increased by examination of the affidavit of the Norwegian Consul at Philadelphia in which it is set forth that by Royal Decree based upon a cited Norwegian statute (L.S. Section 33, 5) any seaman who causes a dispute "respecting the service to be brought before a foreign tribunal" is subject to dismissal.
It must be borne in mind that the cause came before the District Court upon a peremptory exception to the libel and that therefore the allegations contained in the libel must be taken to be true. So regarding them, I am unable to perceive any matter within the four corners of the libel which should have moved the discretion of the District Judge to its dismissal. The allegations of the libel would seem to lead discretion to a precisely contrary conclusion. The dismissal of the libel therefore in effect constitutes a holding that where, in the words of the treaty, concurrent jurisdiction of "issues concerning the adjustment of wages and the execution of contracts relating thereto" exists between a district court of the United States and a Consular Court of Norway the district court of the United States must not take jurisdiction. I cannot believe that such a conclusion constitutes a proper exercise of judicial discretion. Upon the contrary, I believe it would lead to injustice and for this reason I must respectfully dissent from the opinion of the majority.
In my opinion the decree of the District Court dismissing the libel should be reversed and the libel should be reinstated with costs to the appellee, with instructions to the court below to proceed in due course. Facts then may or may not appear which may move the court in the proper exercise of its discretion to a dismissal of the proceedings.