## THE PRINCE PAVLE.

### No. A–15839.

District Court, E. D. New York.
March 12, 1940.

Silas B. Axtell, of New York City, for libelants.

Wilbur E. Dow, Jr., of New York City, for claimant.

BYERS, District Judge.

On February 21, 1940, a libel was filed in this court under the above title to recover seamen's wages, and the schedule attached thereto gave the names of the chief officer, 2nd, 3rd and 4th officers, chief engineer, 2nd and 3rd engineers, and wireless officer.

On February 27th, an affidavit verified February 26, 1940, and notice of motion were filed on behalf of the claimant, asking the court to decline to take jurisdiction in the cause, and to dismiss the libel, which recited that the ship is a Yugoslavian tramp steamer, and that some of the libelants originally joined the vessel in Yugoslavia, and that she arrived in Rotterdam in August, 1939, to undergo repairs, and that the balance of the libelants joined her there on September 26th.

That, while she was in that port, the Yugoslav Government decreed that all vessels flying the flag of that nation must immediately double the wages paid in all classifications plus an additional bonus for every day the vessel operated in the war zone (north of Gibraltar and east of the 20th meridian). That at the time the vessel sailed from Rotterdam all libelants were at liberty to return home at the expense of the vessel if they did not wish to remain with the ship, and that the articles signed at Rotterdam were for a period of one year, the vessel to go where her business might take her.

That, the vessel being loaded in this port on February 15, 1940, and ready to sail, fourteen members of the crew (who are the libelants in this action) refused to sail the vessel and held her at her berth.

That, upon the filing of the libel, the claimant deposited sufficient security in the Registry of this court to secure the release of the vessel, but the libelants refused to leave her, and so continued in possession until force was used to bring about surrender on February 24, 1940.

It was averred that the claimants are unable to pay off any alien employed on any vessel arriving in the United States from any foreign port or place, pursuant to the provisions of Title 8 U.S.C. § 168, 8 U.S.C.A. § 168.

The request was made that the court would decline jurisdiction because the contract was one of Yugoslavia, made before a Consul of that country, on a vessel of that country, flying that flag, and therefore governed by the law of Yugoslavia.

An answering affidavit was filed on February 28th by the proctor for the libelants, and five additional seamen were asked to be joined. That affidavit states that, on February 21st the libelants had asked for half wages, which the master refused, whereupon an amended libel was filed, for the purpose of bringing the cause within the contemplation of Title 46 U.S.C. § 596, 46 U.S.C.A. § 596.

It is apparently the position of counsel that these libelants signed on during peace time, and that the subsequent breaking out of the war in Europe, and the purpose of the vessel to enter the war zone, entitle them to discharge under article 69 of a statute or law of Yugoslavia, a translation of which is embodied in the said affidavit.

The only applicable provision thereof reads: "If the ship changes its route and this seriously endangers the life or health of the seaman", he "may request the port authority or the Consular authority respectively to be immediately disembarked", in which case he must be sent either to his country or the place of embarkation; the expense involved is to include disbursements for transportation, lodging and meals.

That affidavit contains no express denial of the averments in the claimant's affidavit that the articles were signed in Rotterdam for one year, and that the sailing did not take place until on or about September 26, 1939, after the war in Europe had broken out, and that the libelants were then at liberty to return to their native country but preferred to remain with the ship.

An affidavit was filed on February 28, 1940, by D. M. Stanoyevitch, who recites that he is the Consul General of the Kingdom of Yugoslavia in New York, and he quotes a statute of his country entitled Act of Maritime Authority No. 3397 of May 6, 1920, as the basis for his request that jurisdiction be declined on the ground that

this dispute is "one which is the sole concern of my Government and the competent Authorities in Yugoslavia".

The statute is to the effect that pending disputes on a Yugoslav merchant vessel between the shipmaster and officers or seamen have to be submitted to the nearest Consular office, where an effort shall be made to arrive at a peaceful settlement; if the dispute is not settled by agreement or if the Consular decision is deemed to be unjust, either party is entitled to make application, on return to the home port, to the competent port Authority for final settlement. Appeals in such matters to foreign port authorities or other foreign authorities are forbidden except in exceptional cases, and then, if necessary, the Consular office may request such procedure.

An affidavit filed on the 29th of February by the attorney in fact for the registered owner of the vessel discloses a cable of February 24, 1940, from the owner, to the effect that the crew are entitled only to the wages and bonuses according to the collective agreement apparently existing between the Shipowners Association and the Seamans Union of Yugoslavia.

It thus appears that no attempt has been made on the part of the libelants to secure Consular action, although on the 26th of February the libelants and their counsel were informed at the office of the Consul, that he could then do nothing, but was in communication with his Government by cable.

The real nature of the controversy is disclosed in the following excerpt from the libelants' brief on this motion:

"They inform me, and I believe it is true, that seamen, free and independent in America to-day, who are engaged as members of the crew of foreign vessels loaded with contraband, are receiving bonuses of $200. or $300. per man in addition to wages of $85. a month in undertaking voyages into the war zone. Certainly, this Court cannot be persuaded that the risk does not warrant such pay."

It is apparent that these libelants shipped in Rotterdam on this vessel of their own country during the latter days of September, 1939, after the war had broken out, at a rate of pay which was satisfactory to them and which clearly was based upon the existence of war-time conditions, and having arrived in this country they find that they could drive a better bargain if they were to be relieved of the articles which they have already signed. Probably their calculations are correct, but that is not seen to be a sufficient reason why this court should be used by them as a mere instrument for gaining an increase in the war-time pay they have hitherto agreed to accept.

The second cause stated in the amended libel, which was introduced in order to set in motion the provisions of Title 46 U.S.C. § 596, 46 U.S.C.A. § 596, obviously is an afterthought, and is seriously impaired by an affidavit of the attorney in fact of the shipowner, filed herein on March 11, 1940.

The libelants assert that the court is "powerless to exercise discretion" (presumably as to retaining jurisdiction) in view of Strathearn Steamship Co. v. Dillon, 252 U.S. 348, 40 S.Ct. 350, 64 L.Ed. 607. I do not so understand the law.

See The Estrella, 3 Cir., 102 F.2d 736, certiorari denied 306 U.S. 658, 59 S.Ct. 775, 83 L.Ed. 1055; Simpson v. Hamburg-American Line, 1939 A.M.C. 1469, at page 1475, also at page 1481.

In both cases the existence of a treaty was involved, and jurisdiction was declined, but in neither is it suggested that, when there is no treaty, the District Court rests under the compulsion of entertaining such a controversy.

This court is not unfriendly to the just claims of foreign seamen who are not being fairly treated (The Almena, D.C., 23 F.Supp. 645) but jurisdiction of the present cause is declined as a matter of discretion, in the belief that the libelants can obtain a fair and equitable adjustment of their claim for higher wages than they bargained for, at the hands of their own Consul, or in their home port; certainly that the contrary is true has not been fairly demonstrated.

Motion for an order declining jurisdiction and dismissing the libel granted. Settle order.