**THE HALCYON.**
No. A–15830.

District Court, E. D. New York.
March 12, 1940.

William L. Standard, of New York City, (Louis H. Rubinstein, of New York City, of counsel), for libelants.

Wilbur E. Dow, Jr., of New York City, for claimant.

BYERS, District Judge.

The seventeen libelants are Greek seamen who signed on a tramp steamship of Panamanian registry on December 6, 1939, at Piraeus, Greece, for a round voyage to that place. En route from Gibraltar to Galveston, Texas, the vessel had to put in to Bermuda for bunkers, her coal supply having run low. At that place, they insisted upon an increase in wages, which was granted in order to bring the ship to this port.

There is no treaty between this country and the Republic of Panama, and so the Consul of the latter would have no status in this cause, there being no showing of Panamanian law which affects the libelants' contract, as in The Prince Pavle, 32 F.Supp. 5, decided herewith.

The vessel arrived in this port on February 3rd, and sixteen of the libelants were held on board under a detention order of the Bureau of Immigration, which was the subject of inquiry pursuant to a writ of habeas corpus returnable in the Southern District of New York. Such proceedings were had pursuant thereto that, upon re-examination, fifteen of the libelants were deported, and one was released. The status of the one not thus accounted for, and his name, are not shown in the libel, or the affidavit filed in behalf of a motion for an order declining jurisdiction.

The vessel is of Greek ownership, and why the libelants could not assert their rights under the laws of Panama, has not been explained.

The one libelant who was released may still be in this port; if so, the motion to decline jurisdiction, which will be granted, is not to apply to his cause; as to him, the motion will be denied, because otherwise he may be without redress.

As to the fifteen who have been deported, it is thought that the fact of deportation, which is the result of action

taken by them, points to one reason why the court should decline jurisdiction. Presumably they can recover their wages by appropriate proceeding against their employer in their own country.

The demand to be paid off here is sought to be justified for libelants by reason of the alleged deviation involved in the call at Bermuda for coal. What would have been the claim if she had been left without fuel and at sea? The chances are that the libelants conceived this action as an easy means to exacting higher wages than they contracted for at Piraeus, which is scarcely an affirmative reason for entertaining an absentee cause.

By retaining jurisdiction as to the one libelant who was permitted to land, it is not intended to suggest that his cause is meritorious, or that the master could have paid him off without committing the offense referred to in Title 8 U.S.C. § 168, 8 U.S.C.A. § 168. Cf. The Limon, 2 Cir., 22 F.2d 270. That question can be disposed of at the trial, if there is one.

Motion granted as indicated. Settle order.