## THE S. S. ILLENAO.

### No. 28.

District Court, D. New Jersey.

Aug. 1, 1940.

Isserman, Isserman & Kapelsohn, of Newark, N. J., for libellants.

Lindabury, Steelman, Zink & Lafferty, of Newark, N. J., and Dow & McAllister, of New York City, for claimant.

WALKER, District Judge.

The motion of the proctors for claimant for an order declining to take jurisdiction and directing the dismissal of the libel is denied.

The libellants, 16 in number, are citizens of countries other than the United States, and they signed articles of agreement with the owners of the S. S. Illenao, a merchant vessel flying the Panamanian flag, documented and registered under the laws of Panama, for an indefinite voyage. On June 15, 1940, while in the Port of Gibralter on the Mediterranean Sea, 15 of them obtained from the captain a writing whereby he agreed to pay to each a war bonus of $100, on arriving at a discharging port, and thereupon the libellants returned to their posts, the boat proceeded and when it arrived at the Port of Bayonne in the United States, one half of the wages due each was demanded, and according to their allegations, refused.

The libellants are in the City of New York, and the affidavits filed, state they do not have sufficient money to pay passage either to their native lands or to Panama, and because they might, by reason thereof, be without redress unless this court takes jurisdiction (In re The Halcyon, D.C.E.D.

N.Y., 32 F.Supp. 8), it does so as to 15 of their number, and not as to Elias Alberto, unless it is shown that he has an interest in the controversy.

Counsel by their presentation have led the court to believe that the only matter to be litigated is the war bonus, and have stated specifically that Elias Alberto is not covered by the agreement relied upon.

The court deems it advisable to say that taking jurisdiction herein is dependent upon the particular facts and circumstances, and it is not suggested that the cause is meritorious, that question is for determination at the time of trial.

An order should be presented.