**HANSEN et al. v. LORENTZEN et al.**

District Court, S. D. New York.

Dec. 20, 1943.

William L. Standard, of New York City (Louis H. Rubinstein, of New York City, of counsel), for plaintiffs.

Haight, Griffin, Deming & Gardner, of New York City (J. Ward O'Neill, of New York City, of counsel), for defendants.

CAFFEY, District Judge.

Despite all the parties being subjects of foreign countries (two of the plaintiffs and the defendant of Norway; the other plaintiff of Denmark), I think it is plain that this court has jurisdiction of the claim set out in the complaint. 46 U.S. C.A. §§ 596 and 597; Patterson v. The Eudora, 190 U.S. 169, 172, 173, 176, 177, 178, 179, 23 S.Ct. 821, 47 L.Ed. 1002; and Strathearn S. S. Co. v. Dillon, 252 U.S. 348, 351, 354, 355, 40 S.Ct. 350, 64 L.Ed. 607. See also The Sonderborg, 4 Cir., 47 F.2d 723, 724–727; and Lakos v. Saliaris, 4 Cir., 116 F.2d 440, 441, 442, 443.

Where (as here) there is no pertinent treaty to which the United States is a signatory providing otherwise (Cf. The Belgenland Jackson v. Jensen, 114 U.S. 355, 364, 5 S.Ct. 860, 29 L.Ed. 152; and Wildenhus' Case, 120 U.S. 1, 17, 7 S.Ct. 385, 30 L.Ed. 565. See also Simpson v. Hamburg-American Line, D. C., Canal Zone, 1939 A. M. C. 1469), however, this court is vested with discretion as to whether to exercise such jurisdiction. The Belgenland v. Jensen, supra, 114 U.S. at page 365, 366, 367, 5 S.Ct. at pages 865, 866, 29 L.Ed. 152; and Charter Shipping Co. v. Bowring, etc., 281 U.S. 515, 517, 50 S.Ct. 400, 74 L.Ed. 1008; and Canada Malting Co. v. Paterson Steamship, 285 U.S. 413, 418, 52 S.Ct. 413, 76 L.Ed. 837. See also The Estrella, 3 Cir., 102 F.2d 736, 737, 738. Accordingly, the defendant moves the court to decline jurisdiction. On the other hand,—assuming, though not now definitely holding, that in the circumstances the discretion invoked actually exists,—I feel that there is no justification for refusing to permit the present plaintiffs to litigate their claim in this court.

Several reasons in support of the view just stated could be assigned. One reason is enough.

The defendant's version of the facts, which appears to be and at least for the sake of argument will be accepted as accurate, in substance is as follows: The vessel involved is Norwegian. The articles signed by the plaintiffs provided that any disagreement regarding interpretation of the contract should be settled by a consul of Norway. Such disagreement arose over wages and discharge of the plaintiffs by the ship. The dispute was submitted to the Norwegian Consul at Boston. In August, 1941, he decided adversely to the plaintiffs. The Norwegian law provides that such a consular ruling is binding unless appealed to and reversed or modified by a Norwegian court. No appeal has been taken. Since the present war began, a system of arbitration has also been arranged and is available to the plaintiffs in the United States; but they have not resorted to it.

The decision by the consul at Boston was rendered more than two years ago. It is impossible now to reach a Norwegian court. No one can say how much additional delay will be necessary before a hearing can be

obtained in such a court. Under the advice of counsel, since the decision at Boston the plaintiffs have diligently sought a remedy in this country. Among other things they have been to or have corresponded with the Norwegian consulate in New York; but the facts are not clear about why they failed to accomplish anything there.

When not restrained by treaty, the law of the United States, as shown by United States Supreme Court decisions heretofore cited, permits foreign seamen to sue in a court of the United States. The plaintiffs have elected to proceed in this court. It is not unreasonable for them to prefer a court trial to an arbitration.

I have discovered no authority which, in the absence of a treaty on the subject, sustains the right of a Norwegian shipowner, over the objection of its opponents, to have all suits against itself tried in its own national tribunals. The cases cited for the support of a contention to the contrary are distinguishable; but even if not distinguishable, they would not control, or even apply, in this country because our Supreme Court has squarely ruled the other way.

I think, therefore, that it is the duty of this court to retain jurisdiction of the instant case. I do not express any opinion with respect to whether the plaintiffs are entitled to recover nor as to the sufficiency in law of any of the substantive defenses set up by the respondent. I have confined myself to the question of jurisdiction.

Motion denied.