## STAVRIDIS v. CIA PANAMENA EUROPA NAVEGACION Ltda.

United States District Court
S. D. New York.
May 2, 1950.

Arkin, Lebovici & Kottler, New York City, proctors for libelant. Herbert Lebovici, New York City, of counsel.

Reid, Cunningham & Freehill, New York City, proctors for respondent. Victor S. Cichanowicz, Brooklyn, N. Y., of counsel.

RIFKIND, District Judge.

On exceptions and exceptive allegations to a libel.

The amended libel alleges that libelant, a seaman, was employed on or about February 20, 1948, to serve as an A.B. aboard the S. S. Parita Bay for a round voyage, from the United States and return to the United States. The pleading is silent on the following matters but both parties apparently admit that the vessel was of Panamanian registry, that the seaman was an alien, and that the contract of employment was made at Norfolk, Virginia.

The third cause of action of the amended libel alleges that at Norfolk, Virginia, at the commencement of the voyage, the libelant was advanced by the respondent $130 in violation of 46 U.S.C.A. § 599, and that the amount of the advance was subsequently deducted from his earned wages. This deduction, it otherwise appears, took place in Genoa, Italy. In this cause of action libelant seeks to recover the $130.

Respondent's exceptions to the libel challenge the court's jurisdiction. Reliance is placed upon Transportes Maritimos Do Estado v. Almeido, 2 Cir., 1925, 5 F.2d 151. In that case, which was at law, it appeared that the vessel was not in the United States when the action was begun nor at any time thereafter. Hence the requirements of the wage claim statute, 46 U.S.C.A. § 597, which was the only possible basis for jurisdiction, were not fulfilled. No claim was there made of an illegal advance in violation of 46 U.S.C.A. § 599. Moreover, the contract of employment in that case authorized termination of the voyage in Lisbon, Portugal.

In the case before us, an unlawful advance was made in the United States. The voyage began in the United States and was intended to terminate in the United States. Moreover, the vessel was in the district at or about the time respondent appeared. Heros v. Cockinos, 4 Cir., 1949, 177 F.2d 570 is authority for accepting jurisdiction over the third cause of action, unless it is to be distinguished by the fact that there the deduction of the advance occurred in the United States. The place of deduction, however, is not a significant consideration. Section 599 made it unlawful to pay advance wages to a seaman. It supplemented the penalty for such an act by providing that advances were not to be considered as part payment of wages or as a defense in a suit for wages. If "vindication of our own laws" is good reason to assume jurisdiction, Heros v. Cockinos, supra, 4 Cir., 177 F.2d at page 572, it does not seem to be logical to absolve the respondent from the consequences of its initial illegal act in making the advance for the reason that it committed the additional offenses of withholding the earned wages and dumping in a foreign port a seaman whom it had contracted to return to the United States.

I conclude that the court has jurisdiction of the third cause of action.

The exceptions also raised an issue concerning the first and second cause of action which allege claims arising out of the breach of the contract of employment midway the voyage and failure to pay an item of wages required by Panamanian law. Whether the court should take or can take jurisdiction of these causes of action under the doctrine that, once jurisdiction is found, the court should do full justice between the parties, is a question that cannot well be decided on bare exceptions. The exception to the third cause of action is overruled. The exceptions to the first and second causes of action are overruled with leave to renew the objections at the trial. The remaining exceptions have been withdrawn.