## PACIFIC MAIL STEAMSHIP COMPANY *v.* LUCAS.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 160. Submitted March 10, 1922.—Decided March 27, 1922.

Where a seaman went ashore at a port of call for hospital treatment, and, being asked only to sign for his past wages without mention of a discharge, executed with the master a mutual release under Rev. Stats., § 4552, but was not given a certificate of discharge as required by § 4551, and the purport of the overt acts in the circumstances was not to release his claim for future wages, maintenance and cure during the remainder of the ship's voyage, *held* (considering also the power given by c. 153, 38 Stat. 1165, to set aside such releases and "take such action as justice shall require,") that the release was not a bar to the assertion of such claim in a libel in admiralty. P. 267.

264 Fed. 938, affirmed.

CERTIORARI to a decree of the Circuit Court of Appeals affirming a decree of the District Court in admiralty awarding the libelant the amounts he was compelled to pay for subsistence and medical treatment at a port of call where he left the ship for hospital treatment, and the amount of his wages from that time until the ship completed her voyage.

*Mr. Charles J. Heggerty* for petitioner.

*Mr. Frederick Clayton Peterson* for respondent.

Mr. Justice Holmes delivered the opinion of the court.

This is a libel brought by the respondent to recover $219 for wages, subsistence and medical attendance, the libellant having been left at Honolulu, ill, in the course of a voyage from San Francisco to the Orient and return. The defence is that he was not ill, that ill or well he should have remained upon the vessel, and further that he was discharged, and signed the mutual release required by Rev. Stats., § 4552, and by that section made a bar. The Circuit Court of Appeals confirmed the finding of the District Court that the libellant was not malingering, and, as we take it, although it is argued otherwise, also in finding that the doctor and master of the ship were willing that the libellant should go to the Marine Hospital. The only question that we see reason for considering is whether the two Courts were right in holding that the libellant was not concluded by the release.

Both Courts have found that the respondent was only asked to sign for his wages, that a discharge was not mentioned, and to put it in our own way, that the purport of the overt acts in the circumstances was not to release the libellant's claim. The petitioner cites the words of Rev. Stats., § 4552, and *Rosenberg* v. *Doe,* 146 Mass. 191, to show that such a position is impossible. But the same case at a later stage, 148 Mass. 560, admitted a different result where the sailor knew too little English to understand the nature of the document and there was evidence that it was misstated to him. In the present case we have the further very important fact, which does not appear in the report of *Rosenberg* v. *Doe,* that the master did not give the respondent a certificate of discharge, as he was required to, under a penalty of fifty dollars, by Rev. Stats., § 4551, if the respondent really was discharged. Moreover, by a statute later in its present form than *Rosenberg* v. *Doe,* it is provided that notwithstanding the statutory

release " any court having jurisdiction may upon good cause shown set aside such release and take such action as justice shall require." Act of March 4, 1915, c. 153, § 4; 38 Stat. 1164, 1165. We are not prepared to say that the finding of the two Courts was wrong.

*Decree affirmed.*