## BROWN et al. v. UNITED STATES.

(District Court, N. D. California, First Division. July 22, 1922.)

No. 17078.

1. **Seamen ⊜⊃25—Signing release not consent to unlawful discharge.**

The release signed before a shipping commissioner by discharged seamen on settlement of their wages for the time served, required by Rev. St. § 4552 (Comp. St. § 8341), does not operate as a consent to their unlawful discharge.

2. **Seamen ⊜⊃19—Discharge "before commencement of voyage."**

Where seamen, who signed for a voyage, were discharged without their consent or fault, not having served a month and the voyage not having commenced, Rev. St. § 4527 (Comp. St. § 8318), which entitles them, when so discharged "before the commencement of the voyage," to an additional month's wages, applies, though the voyage was abandoned.

3. **Seamen ⊜⊃25—Release signed by seamen set aside; "good cause."**

Rev. St. § 4552 (Comp. St. § 8341), provides that a release signed by a seaman thereunder on receipt of wages "shall operate as a mutual discharge and settlement of all demands for wages." Seamen's Act March 4, 1915, § 4 (Comp. St. § 8322), provides that the court "may upon good cause shown set aside such release and take such action as justice shall require." *Held* that, where seamen, discharged without their consent or fault before commencement of the voyage, who were entitled under Rev. St. § 4527 (Comp. St. § 8318), to an additional month's wages, were compelled to sign such a release to obtain payment of the wages admittedly due them, the release would be set aside and held not a bar to their recovery under section 4527.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Cause.]

In Admiralty. Suit by J. Brown and others against the United States. Decree for libelants.

H. W. Hutton, of San Francisco, Cal., for libelants.

Farnham P. Griffiths and McCutchen, Willard, Mannon & Greene, all of San Francisco, Cal., for the United States.

DOOLING, District Judge. In January, 1921, libelants signed articles as seamen for a voyage on the Palo Alto from San Francisco to the Atlantic Coast, there to be paid off, with transportation to be furnished back to San Francisco and wages to the time of their return. They went into the service of the ship and served five days in San Francisco harbor, preparing the ship for the contemplated voyage. Meanwhile they were paying for their own support on shore, as the

ship was not in readiness to keep them on board. At the expiration of the five days they were discharged; the reason then assigned for such discharge being that the ship was in need of repairs which it would take about 20 days to complete. An amended answer sets up the fact that the vessel—

"springing unexpected leaks and developed other characteristics which rendered her unsuitable and unseaworthy for making the voyage for which libelants signed, and that it was found impossible to make her seaworthy, and she did not at any time put to sea, nor perform said intended voyage, nor any other voyage, but, on the contrary, has remained in and about San Francisco Bay."

Upon the trial no proof was offered that the vessel was unseaworthy, but Mr. Hill, the port engineer of the Shipping Board, testified that the voyage was abandoned because of the uncertainty of business upon the Atlantic Coast.

Libelants upon their discharge claimed one month's wages, in addition to the amounts already earned, basing their claim on section 4527 of the Revised Statutes (Comp. St. § 8318), which provides:

"Any seaman who has signed an agreement and is afterward discharged before the commencement of the voyage or before one month's wages are earned without fault on his part justifying such discharge, and without his consent, shall be entitled to receive from the master or owner, in addition to any wages he may have earned, a sum equal in amount to one month's wages as compensation, and may, on adducing evidence satisfactory to the court hearing the case, of having been improperly discharged, recover such compensation as if it were wages duly earned."

Their claim under this section was not allowed by the master or by the shipping commissioner, and their employers refused to pay them the amounts concededly due them, except on condition that they sign the release provided for in section 4552 of the Revised Statutes (Comp. St. § 8341). This section provides:

"Sec. 4552. *(Rules for Settlement.)* The following rules shall be observed with respect to the settlement of wages:

"First. Upon the completion, before a shipping commissioner, of any discharge and settlement, the master or owner and each seaman, respectively, in the presence of the shipping commissioner, shall sign a mutual release of all claims for wages in respect of the past voyage or engagement, and the shipping commissioner shall also sign and attest it, and shall retain it in a book to be kept for that purpose, provided both the master and seamen assent to such settlement, or the settlement has been adjusted by the shipping commissioner.

"Second. Such release, so signed and attested, shall operate as a mutual discharge and settlement of all demands for wages between the parties thereto, on account of wages, in respect of the past voyage or engagement."

Protesting that they were entitled to a month's wages in addition, and that they would endeavor to collect it, libelants signed the release in order that they might be paid the amount earned by them and about which there was no dispute. The present action is brought for the month's wages provided for by section 4527 of the Revised Statutes.

The defense to the action is threefold. First, that libelants consented to their discharge. Second, that section 4527 has no application because the voyage was never commenced. Third, that they are concluded by the release under section 4552.

[1] As to the first defense, it is not established that they consented to their discharge, and while section 4552 provides that the release, when signed, shall operate as a mutual discharge and settlement of all demands for wages, it does not provide that it shall operate as a consent on the part of seamen to an unlawful discharge.

[2] As to the second defense, the language of section 4527 is "before the commencement of the voyage or before one month's wages are earned." The words "before the commencement of the voyage" might, of course, imply that unless the voyage were in fact later commenced they would have no application, but they do not necessarily do so. The present case will illustrate the difficulty of the construction contended for. At the time of the settlement it was apparently believed, and certainly stated, that it would require 20 days to make certain repairs after which presumably the voyage would commence. But certainly the men should not be required to wait 20, 30, or 40 days to find out whether a voyage was going to commence, only to learn that the voyage was abandoned because of conditions on the Atlantic Coast. I think that, as the men were discharged, both before the voyage commenced, and before one month's wages were earned, they were entitled to the amount specified in section 4527.

[3] The most serious question is that which is presented by the signing of the release. Section 4552 makes such release "a mutual discharge and settlement of all demands for wages between the parties thereto, on account of wages, in respect of the past voyage or engagement," and if this were all, the case of The Pennsylvania (D. C.) 98 Fed. 744, affirmed Pettersson v. Empire Transp. Co., 111 Fed. 931, would be controlling. But a later statute provides that this release may be set aside by the court for good cause, and such action taken as justice may require. 38 Stats. at Large, p. 1165 (Comp. St. § 8322). This "good cause" must mean something other than fraud, duress, or other undue influence because for these latter reasons the release could have been set aside before the enactment of this statute.

I am firmly convinced that, where a seaman is compelled by the master, owner, or commissioner to sign such a release before they will pay him the wages actually and concededly due him, thus taking advantage of his necessities and compelling him to abandon his claim to the very thing in dispute before he can receive that which is due him without dispute, there is presented a case of "good cause for setting aside the release and taking such action as justice may require," within the meaning of the later statute. If there were any compromise of the matter in dispute, the release would be held to be binding; but where, on such release, the seaman receives only what is undisputedly his, and cannot even receive that until the release is signed, unless he recover it in court, I am, as I have said, convinced that justice requires that the shipowner should not be permitted to plead such release in bar of a claim for the only matter in dispute, when such claim is presented in court.

For these reasons a decree will be entered for libelants for a month's wages, and costs, but without penalty.