## COLUMBIA RIVER SMOKED FISH CO. v. LOVSTEEN et al.

Circuit Court of Appeals, Ninth Circuit.
May 31, 1927.

No. 5147.

1. Seamen ⊂⇒25—Setting aside release signed by discharged employees of ship held not error, in libel for wages and penalties for wrongful discharge (Comp. St. §§ 8322, 8341).

Setting aside and disregarding releases signed by discharged employees of ship *held* not error, in libel by such employees to recover wages and penalties for wrongful withholding of wages as for wrongful discharge, in view of absence of vessel and master from port when release was signed, and surrounding circumstances, and Comp. St. §§ 8322, 8341.

2. Seamen ⊂⇒33—Discharged employees of ship, signing statements of account and releases, held not entitled to penalties for wrongful withholding of wages.

Discharged employees of ship, who signed statements of account after discharge without objection, and subsequently signed releases when receiving money, and made no additional claim for wages until libel was subsequently filed, *held* not entitled to penalties for wrongful withholding of wages.

Appeal and Cross-Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Libel by Sivert Lovsteen, for himself and as assignee of Edwin Lovsteen and another, and Lena Lovsteen, against the Columbia River Smoked Fish Company, claimant of the motorship La Merced, her engines, tackle, apparel and furniture. From the decree, both parties appeal. Affirmed.

Roberts & Skeel, O. R. Holcomb, and Elwood Hutcheson, all of Seattle, Wash., and Harry G. McKannay, of San Francisco, Cal., for appellant.

Winter S. Martin and Arthur Collett, Jr., both of Seattle, Wash., for appellees.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. On June 2, 1926, the Lovsteen family, consisting of the father, mother, and two sons, were employed by the Nassau Fish Company as cook, second cook, helper, and messboy, at wages ranging from $150 per month down to $60 per month. On June 19, 1926, the Lovsteens and the master of the motorship La Merced signed shipping articles in the usual form, before the United States shipping commissioner at Seattle, for a term or time not exceeding six calendar months. On the same day the former entered upon the discharge of their respective duties, and continued in such employment until they severed their relations with the ship on August 21, 1926. On the latter date the bookkeeper, in the employ of the Columbia River Smoked Fish Company, on the La Merced, prepared a statement of account showing the balance due each member of the family as of that date, and the statement thus prepared was signed by the Lovsteens. Soon thereafter the Lovsteens returned to Seattle, and upon their return appeared before the shipping commissioner and were each paid the balance due as shown by the abovementioned statement of account, less the fare from Alaska to Seattle, and each signed the customary mutual release, releasing the master

and owner of the vessel from all claims for wages in respect to the past voyage or engagement. The La Merced returned to Seattle in January, 1927, and soon after her return the father, on his own behalf and as assignee of the other members of his family, filed the present libel to recover wages for the entire six months period as for a wrongful discharge, and likewise for the penalties of two days' pay for each day in which the wages were wrongfully delayed and withheld.

Upon the hearing, the court below found that there was a wrongful discharge, and allowed wages to each of the parties for the full period of six months, less payments already made, and less certain deductions for moneys earned in other employments, but denied the claims for penalties. From this decree, both parties have appealed.

[1] The appellant first contends that the mutual release signed by the appellee and his assignors is a complete bar to a recovery. The circumstances under which the releases were signed are as follows: The shipping commissioner testified that upon the return of the Lovsteens to Seattle they informed him that they had been discharged in Alaska and had paid their own fares back to Seattle, and they desired to know whether this was proper and right, and whether they had been justly treated. He informed them that it would be necessary to await the arrival of the vessel in port with the shipping articles and official log, in order that he might see what notations were made in the log and on the shipping articles, and thereby ascertain why they had been discharged and what the trouble was. The appellee testified that he informed the shipping commissioner that he was in need of money to pay his bills, and the commissioner informed him that he might receive the amount shown by the statement, as part payment until the vessel and log book arrived in port.

Section 4552 of the Revised Statutes (Comp. St. § 8341) provides that upon the completion, before a shipping commissioner, of any discharge and settlement, the master or owner and each seaman, respectively, in the presence of the shipping commissioner, shall sign a mutual release of all claims for wages in respect to the past voyage or engagement, and the shipping commissioner shall also sign and attest it, and shall retain it in a book to be kept for that purpose, provided both the master and seamen assent to such settlement, or the settlement has been adjusted by the shipping commissioner, and that such release, so signed and attested, shall operate as a mutual discharge and settlement of all demands for wages between the parties thereto, on account of wages, in respect of the past voyage or engagement. But section 4530 was amended by the Act of March 4, 1915 (38 Stat. 1165; Comp. St. § 8322), by adding thereto the following proviso:

"Provided further, that notwithstanding any release signed by any seaman under section forty-five hundred and fifty-two of the Revised Statutes any court having jurisdiction may upon good cause shown set aside such release and take such action as justice shall require."

In view of this amendment, in view of the absence of the vessel and the master from port, and in view of all the surrounding circumstances, the court below did not err in setting aside and disregarding the releases in question. Pacific Mail S. S. Co. v. Lucas, 258 U. S. 266, 42 S. Ct. 308, 66 L. Ed. 614; Brown v. United States (D. C.) 283 F. 425; Cox v. Lykes Brothers, 237 N. Y. 376, 143 N. E. 226.

The appellant further contends that the Lovsteens were not discharged; that, if discharged, they were discharged for sufficient cause; and that they failed to exercise due diligence in seeking other employment. The court below found against the appellant on these several questions, on conflicting testimony taken in open court, and we see no sufficient reason for disturbing findings thus made. It may be that Reid, who discharged the Lovsteens, had no authority so to do, but an examination of the record satisfies us, as it satisfied the court below, that the master acquiesced in his assumption of authority and sanctioned the discharge.

[2] This brings us to the cross-appeal, which presents only the question of penalties. The Lovsteens signed the statements of account after their discharge, without objection or protest; they signed releases after their return to Seattle under the circumstances already stated, and they made no claim for wages beyond the date of their return to Seattle, until the present libel was filed. Under such circumstances, it cannot be said that the wages were withheld without sufficient cause. O'Hara v. Luckenbach S. S. Co. (C. C. A.) 16 F.(2d) 681.

The decree of the court below is therefore affirmed, with interest at the rate of 6 per cent. per annum from its date, but without costs to either party in this court.