260

BAGLEY et al. v. UNITED STATES.
No. 24746.

District Court, N. D. California, S. D.
April 21, 1948.

Albert Michelson, of San Francisco, Cal., for libelants.

Frank J. Hennessy, U. S. Atty., and William E. Licking and C. Elmer Collett, Asst. U. S. Attys., all of San Francisco, Cal., for respondent.

ROCHE, District Judge.

Libelants are seamen who seek, by this action, to recover a sum equal to one month's wages, in addition to wages already earned. The libel is brought under Section 594 of Title 46 U.S.C.A., which provides as follows:

"Any seaman who has signed an agreement and is afterward discharged before the commencement of the voyage or before one month's wages are earned, without fault on his part justifying such discharge, and without his consent, shall be entitled to receive from the master or owner, in addition to any wages he may have earned, a sum equal in amount to one month's wages as compensation, and may, on adducing evidence satisfactory to the court hearing the case, of having been improperly discharged, recover such compensation as if it were wages duly earned. R.S. § 4527."

The SS Thomas Wolfe shipping articles signed by the libelants called for a voyage "from San Francisco to a point in the Pacific Ocean to the Westward of San Francisco and thence to such ports and places in any part of the world as the master may direct or as may be ordered or directed by the United States Government or any Department, Commission or Agency thereof and back to a final port of discharge in the United States for a term of time, not exceeding twelve (12) calendar months." It is admitted by the pleadings and proved by the evidence that the vessel did not leave San Francisco harbor at any time during libelants' employment and that they were discharged on May 31, 1946, because the Thomas Wolfe was to be redelivered to the U. S. Maritime Commission on June 1, 1946, for reallocation under bareboat charter. It is further admitted that such discharge before the commencement of the voyage was without fault on libelants' part and without their consent. Since each libelant had earned at least one month's wages prior to such discharge, the only point at issue is whether Section 594 of 46 U.S.C.A. permits the recovery of an additional month's wages.

Libelants take the position that the statute covers two distinct situations—first, wrongful discharge before the commencement of the voyage, and second, wrongful discharge before one month's wages are earned. Respondent argues that the statute is applicable only if one month's wages have not been earned. Diligent research has disclosed no reported decision on this precise point but the plain language of the statute supports libelants' contention.

To adopt respondent's position would be to read out of the section the phrase "before the commencement of the

voyage or." It will not be presumed that Congress used this phrase, intending it to be a nullity, or that Congress was unaware of the meaning of the words employed. This section is virtually identical with Section 167 of the British Shipping Act of 1854 and is designed to give seamen a summary method of securing reasonable damages for breach of contract. The Steel Trader, 275 U.S. 388, 48 S.Ct. 162, 163, 72 L.Ed. 326. There is nothing in the language used to indicate that Congress meant to limit its application to a breach occurring after the commencement of the voyage, as respondent would have the court hold, nor is there any logical reason why such a construction should be placed on the statute. The seaman who has signed up for a voyage and worked under the shipping articles for several months while waiting for the voyage to begin, as did the libelants in this case, may have missed other opportunities for employment. He is as much entitled to damages for wrongful discharge as is the seaman who commences the voyage and is then discharged before one month's wages have been earned.

The cases relied on by respondent do not hold to the contrary. The Steel Trader, supra, involved a seaman who was wrongfully discharged after the commencement of the voyage and before he had earned a month's wages. He received the wages earned plus an additional month's wages and then brought suit to recover as damages the wages for the entire voyage, plus subsistence. Recovery was granted by the trial court and affirmed by the Circuit Court of Appeals, the trial court holding that the section applies only to a wrongful discharge before commencement of the voyage and the Circuit Court holding that the amount required to be paid should be treated as compensation for service already rendered and did not absolve from liability for breach of the shipping articles. In reversing the decree the Supreme Court declared: "We think both courts adopted improper views. According to the plain language employed, the section in question applies where the discharge takes place before the commencement of the voyage or before one month's wages are earned. Also we think, in the specified circumstances,

payment of wages actually earned, with an additional sum equal to one month's wages, satisfies all liability for breach of the contract of employment by wrongful discharge. The legislation was intended to afford seamen a simple, summary method of establishing and enforcing damages."

The English case of Tindle v. Davison, Queen's Bench Div.1892, 66 L.T.N.S. 372, held the comparable section of the British Shipping Act of 1854 not applicable to the facts there involved, since by the terms of the shipping articles the voyage had ended at the time of the seaman's discharge. This obviously has no application to the factual situation before this court.

It might be argued, although it has not been, that the statute would be inapplicable because the particular voyage for which libelants signed up never did in fact commence. The respondents in Brown v. United States, D.C., 283 F. 425, 427, raised this point but there was no direct ruling since the seamen had been discharged before one month's wages had been earned and so came within the second provision of the statute. However, in discussing this defense Judge Dooling said: "The words 'before the commencement of the voyage' might, of course, imply that unless the voyage were in fact later commenced they would have no application, but they do not necessarily do so. The present case will illustrate the difficulty of the construction contended for. At the time of the settlement it was apparently believed, and certainly stated, that it would require 20 days to make certain repairs after which presumably the voyage would commence. But certainly the men should not be required to wait 20, 30, or 40 days to find out whether a voyage was going to commence, only to learn that the voyage was abandoned because of conditions on the Atlantic Coast." The inequitable results that would follow from such a strained construction are obvious and this court is not disposed so to read the statute.

To return again to the plain language employed in the statute, wrongful discharge before the commencement of the voyage entitles the seaman to a sum equal to one month's wages. Libelants come squarely

within this provision and they are entitled to a decree. In accordance with the foregoing it is therefore ordered that there be entered herein, upon findings of fact and conclusions of law, a decree awarding to each libelant a sum of money equal to one month's wages as set forth in the amended libel herein filed, and that libelants recover their costs in his behalf expended.