**KORTHINOS et al. v. The NIARCHOS et al.**

**MALEURIS et al. v. PAPADAKIS et al.**

**THE K. PAPAZOGLOU.**

**The VIRGINIA.**

Nos. 5844, 5845.

United States Court of Appeals
Fourth Circuit.

Argued April 9, 1949.

Decided May 17, 1949.

J. L. Morewitz, Newport News, Va., and Joseph Kottler, New York City (Morewitz & Morewith, Newport News, Va., Arkin, Lebovici & Kottler, New York City, and B. M. Morewitz, Newport News, Va., on the brief), for appellants.

No. 5844:

Hugh S. Meredith, Norfolk, Va. (Vandeventer & Black, Norfolk, Va., on the brief), for appellees.

No. 5845:

Thomas M. Johnston, Norfolk, Va. (Leon T. Seawell, Norfolk, Va., on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE; Circuit Judges.

PARKER, Chief Judge.

These are appeals in admiralty proceedings in which possessory libels were filed by the owners of two Greek vessels, the Captain K. Papazoglou and the Virginia, to remove members of the crew who were engaging in sit down strikes, and in which cross libels were filed by these crew members asking relief against the vessels. The seamen in question were discharged at Newport News, Virginia, on the return of the Papazoglou and Virginia from voyages to Europe and Africa. They had refused to perform duties incident to the opening and closing of hatches and taking stores aboard ship unless given additional payment and, in the case of the Papazoglou, had refused to sail the ship unless granted a bonus for six months' service. In addition, they had engaged in a four hour sympathy strike in protest against the arrest of certain of their union leaders by the Greek Government. The masters of the respective vessels asked the Greek Consul at New York to determine whether the conduct of the recalcitrant seamen warranted their discharge under Greek law; and an official sent by him, a port captain, authorized their discharge. When they were discharged they refused to leave the vessels and possessory libels were filed by the owners to put them off. They then filed cross libels asking the recovery of severance pay or damages for alleged wrongful discharge and also the amount of wages that had been advanced to them contrary to statute, 46 U.S.C.A. § 599, and double wages under 46 U.S.C.A. § 596 for failure to pay at the time of discharge. From decrees sustaining the possessory libels and dismissing their cross libels the seamen have appealed.

Little need be said as to the possessory libels, since as to them the cases have become entirely moot. Since the right to issue these libels has been discussed at great length, however, we think we should say that we entertain no doubt as to the power of a court of admiralty to direct that persons engaging in a sit down strike on a vessel be removed therefrom by the Marshal of the District, to the end that the owners may have the lawful possession and use of their property. See Ward v. Peck, 18 How. 267, 15 L.Ed. 383; The Tilton, 5 Mason 465, Fed.Cas.No. 14,054, opinion by Mr. Justice Storey; The Navemar, 303 U.S. 68, 58 S.Ct. 432, 82 L.Ed. 667. Whether the suit asking such relief is properly called a possessory suit or not, there can be no question as to the power of an admiralty court to grant relief in such case by an appropriate writ. The right to strike does not carry with it the right to deprive another person of the possession of his property. See The Oakmar, D.C., 20 F.Supp. 650; The Losmar, D.C., 20 F.Supp. 887, nor the right to disobey the lawful orders of the master when the vessel is away from its home port. Southern S. S. Co. v. N. L. R. B., 316 U.S. 31, 62 S.Ct. 886, 86 L.Ed. 1246. We find nothing in the Norris-LaGuardia Act, 29 U.S.C.A. §§ 101-115, to the contrary.

Likewise, little need be said as to the claim for severance pay or damages for alleged wrongful discharge, since there can be no question but that, with the exception hereafter noted, the discharges were thoroughly justified. Apart from the finding of the port captain that they were proper under Greek law and that the contentions of the seamen were without foundation, there can be no question as to the right of the master to discharge the seamen in view of the fact that they not only had refused to perform their duties because of a disagreement over the interpretation of their contract of employment but also had engaged in a strike as a protest against governmental action of which they did not

approve. One seaman on the Virginia was discharged without cause, but it appears that because of this he was awarded and paid 40 days' wages, under the direction of the port captain, as the amount to which he was entitled under the Greek law as applied to his contract; and we see no reason why the court should interfere with this determination.

With respect to the recovery of wages, it appears that the vessels paid to the complaining seamen or deposited in court for them the full amount of the balance due them at time of discharge, if credit be given for advances which had been made contrary to the provisions of 46 U.S.C.A. § 599(a). Recognizing that such advances could not be credited against the amount due for wages, the Papazoglou deposited in the court below the sum of $1,800, representing advances made to the seamen on wages of the last voyage, but refused to disclose, in answer to an interrogatory, the advances made them on prior voyages. It has been stated at the bar of this court without contradiction, however, that this information has now been obtained in a suit pending in a state court. The Virginia deposited in the court below the sum of $3,550, of which $1,650 represented advances made on wages of the last voyage and $1,900 on those of prior voyages. The $1,800 and the $1,650 have been paid over to the seamen entitled as balance due on their wages, but the $1,900 has been ordered returned to the Virginia on the theory that the court should not take jurisdiction of claims for wages of prior voyages or, if it did so, should hold the seamen concluded by the settlements made at the end of those voyages.

■ We are not impressed by the reasons given for declining jurisdiction. The court could not decline to adjudicate rights of seamen under contracts made in this country and settlements made here, even though a foreign vessel and foreign seamen were involved, see Patterson v. Bark Eudora, 190 U.S. 169, 23 S.Ct. 821, 47 L.Ed. 1002; Lakos v. Saliaris, 4 Cir., 116 F.2d 440; and we see no reason why recovery of wages should be limited to the last voyage and settlements be upheld which involve violation of statutes relating to seamen's contracts. 46 U.S.C.A. § 599 not only forbids paying any seaman his wages "in advance of the time when he has actually earned the same," but prescribes a criminal penalty for doing so. It is clear that advances made in violation of this section may not be credited against wages due the seamen for the voyage. Lakos v. Saliaris, supra, 4 Cir., 116 F.2d 440. And it seems equally clear that "good cause" for setting aside a wage settlement, or even a release given by a seaman in a settlement for wages, as provided by 46 U.S.C.A. § 597, is that the settlement does not include the full amount due after the advances forbidden by statute are eliminated. It would in large measure emasculate the statute to hold that a vessel could escape liability for its violation by paying the seamen the remainder of his wages at the end of the voyage. See Pacific Mail S. S. Co. v. Lucas, 258 U.S. 266, 42 S.Ct. 308, 66 L.Ed. 614; Garrett v. Moore McCormack Co., 317 U.S. 239, 248, 63 S.Ct. 246, 87 L.Ed. 239; Also Brooklyn Savings Bank v. O'Niel, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296; D. A. Schulte, Inc., v. Ganzi, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114; Guess v. Montague, 4 Cir., 140 F.2d 500. Cf. The Samuel E. Spring, D. C., 27 F. 764. The fact that wages of prior voyages were not specifically claimed in the libels originally filed is not sufficient ground for denying this relief. The matter was fully considered by the court below; and an amendment of the pleadings should have been allowed if deemed necessary. Seamen are wards of the admiralty and are not to be denied, on technical grounds of pleading, relief to which they are entitled.

■ We do not think, however, that the failure to pay again the amount of advances after there has been a settlement in good faith and the amount of wages due the seamen has actually been paid with no question raised as to the legality of the advances, can be said to be a failure to pay wages "without sufficient cause", so as to subject the vessel to a claim for double wages under the provisions of 46 U.S.C.A. § 596. See The Velma L. Hamlin, 4 Cir., 40 F.2d 852; The Easterner, 4 Cir., 47 F.

2d 605; Collie v. Fergusson, 281 U.S. 52, 50 S.Ct. 189, 191, 74 L.Ed. 696. As said in the case last cited: "The phrase 'without sufficient cause' must be taken to embrace something more than valid defenses to the claim for wages. Otherwise, it would have added nothing to the statute. In determining what other causes are sufficient, the phrase is to be interpreted in the light of the evident purpose of the section to secure prompt payment of seamen's wages (H. R. Rep. 1657, Committee on the Merchant Marine and Fisheries, 55th Cong., 2d Sess.), and thus protect them from the harsh consequences of arbitary and unscrupulous action of their employers, to which, as a class, they are peculiarly exposed."

█ No question as to the advances was raised in the libels originally filed; and, after the question was raised, the representatives of the owners were entitled to reasonable time to investigate the circumstances. We cannot say that the delay which has occurred with respect to this portion of the wages was "without sufficient cause" within the meaning of the statute. The District Judge was of opinion that the double wage provision of the statute has no application where, as here, the entire wage has been paid when the advances are considered as payments. Whether this is correct, or whether the view should be taken that the statute requires the prompt payment of the balance due on wages when the advances are eliminated from consideration, with double wages under the statute for delay in paying such balance, it is not necessary here to decide, since we are of opinion that the delay was not "without sufficient cause", even if the double wages provision of the statute be applicable.

█ It follows that the decrees appealed from will be affirmed except as to the claim for wages on prior voyages covered by unlawful advances made in contravention of 46 U.S.C.A. § 599; and as to these they will be remanded to the court below with direction to award the balance due on the wages of such voyages when advances made in the United States contrary to law are eliminated. It appears that in the case of the Papazoglou, the seamen have ob-

tained the information as to wage payments sought by interrogatory. If upon the further hearing of the case, however, the answer to the interrogatory should become material, we see no reason why the vessel should not be required to answer it. The inquiry is unquestionably relevant and the privilege against self incrimination has no application to the records of a vessel, which are not the private records of the person making them which the constitutional provision would protect. See United States v. White, 322 U.S. 694, 699, 64 S.Ct. 1248, 88 L.Ed. 1542, 152 A.L.R. 1202.

Affirmed in part, reversed in part and remanded as to both cases.