**HEROS et al. v. COCKINOS et al.**

No. 5920.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 17, 1949.

Decided Nov. 7, 1949.

Burt M. Morewitz and J. L. Morewitz, Newport News, Va. (Morewitz & Morewitz, Newport News, Va., on the brief), for appellants.

Hugh S. Meredith, Norfolk, Va. (Vandeventer & Black, Norfolk, Va., on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from an order dismissing a seaman's wage case for lack of juris-

diction. The libellants were eleven Greek seamen who had signed on the Greek vessel Eugenia Chandris. These seamen were discharged in Barcelona, Spain, on August 4, 1948, and suit was commenced in their behalf when they returned to the United States on August 31. Since the seamen did not return with the vessel on the voyage which ended in the waters of the United States and were not present here when the suit was instituted, the learned judge below was of opinion that the court was without jurisdiction of the controversy.

■ It appears from the pleadings and the depositions taken in the court below that all except three of the seamen were employed on the vessel in ports of the United States and were paid advances on unearned wages at the time of their employment in violation of the provisions of the Seamen's Act, 46 U.S.C.A. § 599. It appears, also, that these illegal advances were deducted from settlements made at the end of voyages terminating in the United States and that further advances were then made on unearned wages, and further that, after suit was instituted, respondents made answer to the libel in connection with the taking of testimony of the ship's officers and paid into court the sum of $1,723.24 as the amount of wages due libellants at the time of their discharge. Under these circumstances we think it clear that the court had jurisdiction, even though the final voyage of the seamen, because of their discharge, did not end in the United States. There was a deduction of advances in the United States in violation of our statute, there were settlements made while the vessel was in the territorial waters of the United States, in which these illegal advances were deducted in violation of the same statute; and, finally, the vessel was in waters of the United States at the time suit was instituted and the alleged balance due on wages after the advances had been deducted was paid into court for libellants. The case is governed by our recent decision in Korthinos v. Niarchos, 4 Cir., 175 F.2d 730, 733, where we said: "We are not impressed by the reasons given for declining jurisdiction. The court could not decline to adjudicate rights of seamen

under contracts made in this country and settlements made here, even though a foreign vessel and foreign seamen were involved, see Patterson v. Bark Eudora, 190 U.S. 169, 23 S.Ct. 821, 47 L.Ed. 1002; Lakos v. Saliaris, 4 Cir., 116 F.2d 440; and we see no reason why recovery of wages should be limited to the last voyage and settlements be upheld which involve violation of statutes relating to seamen's contracts. 46 U.S.C.A. § 599 not only forbids paying any seaman his wages 'in advance of the time when he has actually earned the same,' but prescribes a criminal penalty for doing so. It is clear that advances made in violation of this section may not be credited against wages due the seamen for the voyage. Lakos v. Saliaris, supra, 4 Cir., 116 F.2d 440. And it seems equally clear that 'good cause' for setting aside a wage settlement, or even a release given by a seaman in a settlement for wages, as provided by 46 U.S.C.A. § 597, is that the settlement does not include the full amount due after the advances forbidden by statute are eliminated. It would in large measure emasculate the statute to hold that a vessel could escape liability for its violation by paying the seaman the remainder of his wages at the end of the voyage. See Pacific Mail S. S. Co. v. Lucas, 258 U.S. 266, 42 S.Ct. 308, 66 L.Ed. 614; Garrett v. Moore-McCormack Co., 317 U.S. 239, 248, 63 S.Ct. 246, 87 L.Ed. 239; Also Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296; D. A. Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114 [167 A.L.R. 208]; Guess v. Montague, 4 Cir., 140 F.2d 500. Cf. The Samuel E. Spring, D. C., 27 F. 764."

It is to be noted that 46 U.S.C.A. § 599 expressly provides, not only that the payment of such advance wages shall not absolve the vessel "from the full payment of wages after the same shall have been actually earned, and shall be no defense to a libel suit or action for the recovery of such wages", but also that the section shall apply to "foreign vessels while in waters of the United States". It is true, as held in Sandberg v. McDonald, 248 U.S. 185, 39 S.Ct. 84, 63 L.Ed. 200, and Jackson v. The Ar-

chimedes, 275 U.S. 463, 48 S.Ct. 164, 72 L. Ed. 374, upon which appellees rely, that Congress did not attempt to deal with advances made by a foreign vessel in a foreign port; but here the advances and settlements were both made in the United States and the courts of the United States may not decline the adjudication of a controversy in which the enforcement of our own laws is involved. Patterson v. Bark Eudora, 190 U.S. 169, 178, 23 S.Ct. 821, 47 L.Ed. 1002.

■■ Appellees rely upon the Consular Convention of 1902 entered into between this country and the Kingdom of Greece, 33 Stat. 2122; but as we pointed out in Lakos v. Saliaris, 4 Cir., 116 F.2d 440, this convention was abrogated in 1916 in so far as it was in conflict with the provisions of the Seamen's Act of 1915, 38 Stat. 1164, and, at all events is superseded by the provisions of that act to the extent of the inconsistency. It seems clear that a Greek ship which, while in our ports, has violated our laws with respect to the payment of wages to seamen should not be allowed to invoke the provisions of the convention to defeat enforcement of the laws that have been violated.

■■ We quite agree that the courts of the United States should not assume jurisdiction of controversies between foreign seamen and foreign ships where our laws are not involved, except in cases where it may be necessary to do so to protect the rights of the seamen and see that justice is done them, See Heredia v. Davies, 4 Cir., 12 F.2d 500; but there should be no hesitation to take jurisdiction where, as here, the vindication of our own laws is involved and particularly where the court itself is asked to consummate, by the handling of funds, a settlement in which the rights of seamen under the law are disregarded. As to other matters, the court, having taken jurisdiction of the controversy for the purpose of enforcing the provisions of our statutes, should, of course, go on to

see that full justice is done with respect to the entire matter.

■ Many things have been argued before us which we need not discuss, as the case must be remanded to the District Court for trial and we prefer to consider them in the light of the evidence which may be there adduced. We notice that after the appeal was taken, libellants filed in this court motions for the production of documents and requests for the admission of facts; but they may not thus add to the proofs on appeal without obtaining permission of this court to take further proofs as provided by Admiralty Rule 45, 28 U.S. C.A.* Nothing in Admiralty Rule 32B was intended to permit such practice. In the further hearing of the case in the District Court, the motions and requests filed in this court will be disregarded and the parties will proceed as though they had never been made.

The order holding that the court was without jurisdiction will be reversed and the cause will be remanded for hearing on all proper issues by the court below.

Reversed.

---

* As to the procedure where the taking of additional proof is allowed, see Judge Learned Hand's opinion in Petterson

Lighterage & Towing Corp. v. New York Cent. R. Co., 2 Cir., 126 F.2d 992.