KORTHINOS et al. v. NIARCHOS et al.

THE K. PAPAZOGLOU.

MALEURIS et al. v. PAPADAKIS et al.

The VIRGINIA.

Nos. 6161, 6162.

United States Court of Appeals Fourth Circuit.

Argued Oct. 18, 1950.

Decided Oct. 30, 1950.

Burt M. Morewitz and J. L. Morewitz, Newport News, Va. (Morewitz & Morewitz, Newport News, Va., on the brief), for appellants.

Hugh S. Meredith, Norfolk, Va. (Vandeventer & Black, Norfolk, Va., on the brief), for The Niarchos and others.

Thomas M. Johnston, Norfolk, Va. (Leon T. Seawell, Norfolk, Va., on the brief), for Papadakis and others.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

These are second appeals in two seamen's wage cases, which were before us a year and a half ago. See 175 F.2d 730, 733. At that time we affirmed the decrees below as to all matters except claims for wages on prior voyages covered by unlawful advances made in contravention of 46 U.S.C.A. § 599. The cases were remanded with direction "to award the balance due on the wages of such voyages when advances made in the United States contrary to law are eliminated." The facts regarding the matter remanded were thus stated in our prior opinion: "With respect to the recovery of wages, it appears that the vessels paid to the complaining seamen or deposited in court for them the full amount of the balance due them at the time of discharge, if credit be given for advances which had been made contrary to the provisions of 46 U.S.C.A. § 599(a). Recognizing that such advances could not be credited against the amount due for wages, the Papazoglou deposited in the court below the sum of $1,800, representing advances made to the seamen on wages of the last voyage, but refused to disclose, in answer to an interrogatory, the advances made them on prior voyages. *It has been stated at the bar of this court without contradiction, however, that this information has now been obtained in a suit pending in a state court.* The Virginia deposited in the court below the sum of $3,550, of which $1,650 represented advances made on wages of the last voyage and $1,900 on those of prior voyages. The $1,800 and the $1,650 have been paid over to the seamen entitled as balance due on their wages, but the $1,900 has been ordered returned to the Virginia on the theory that the court should not take jurisdiction of claims for wages of prior voyages or, if it did so, should hold the seamen concluded by the settlements made at the end of those voyages." (Italics supplied.)

That the hearing on remand was limited to the claims for wages on prior voyages covered by unlawful advances, appears from the concluding portion of our opinion in which we said: "It follows that the decrees appealed from will be affirmed except as to the claim for wages on prior voyages covered by unlawful advances made in contravention of 46 U.S.C.A. § 599; and as to these they will be remanded to the court below with direction to award the balance due on the wages of such voyages when advances made in the United States contrary to law are eliminated. It appears that in the case of the Papazoglou, the seamen have obtained the information as to wage payments sought by interrogatory. If upon the further hearing of the case, however, the answer to the interrogatory should become material, we see no reason why the vessel should not be required to answer it."

■ Wage statements showing the amounts advanced seamen on prior voyages had been filed in the state court in the case of both Papazoglou and the Virginia, and these were filed with the lower court. That court held that the advances shown on the statements to have been made in the United States were unlawful advances within the meaning of the statute and entered judgment accordingly, denying recovery with respect to other advances, which were not shown to have been made in the United States. This was manifestly correct on the record before the court and will be affirmed except that in the case of the Virginia, No. 6162, the amount awarded the seaman Sardis will be increased by $97.50 to correct a clerical error in calculation admitted at the bar of this court. The contention that the appellants are entitled to "waiting time" under the statute is manifestly without merit since there has been no such withholding of wages without sufficient cause as to render the waiting time statute applicable. We dealt with this question in our former opinion. The delay that has since supervened has been the result of delays in litigation attributable as much to appellants as to their adversaries.

■ In the case of the Papazoglou, No. 6161, appellants complain that they were not allowed to present additional interrogatories and have the appellees answer them; but we think that they have no valid ground of complaint as to this. It appears that the court had before it the wage statements filed in the state court which contained the information upon which appellants had represented to this court that they were relying. Appellants had filed an interrogatory in the court below prior to the former appeal asking for the same information; but they did not insist that it be answered until after the court had taken the case under consideration upon their motion for judgment and had indicated in a written opinion that judgment would be granted only for the advances shown upon the statements to have been made in the United States. Upon their complaining then that the interrogatory had not been answered, counsel for appellees asked that final judgment be not entered until they could have the interrogatory answered and filed. On June 14, 1950, they filed answer to the interrogatory giving the same information that had been given the state court; and the judge below, after waiting six days and hearing nothing further from appellants, made findings and entered final judgment on June 20 in accordance with his written opinion theretofore filed. On the same day appellants moved that appellees be required to answer additional interrogatories, but this motion, which was not received until next day, the judge denied, saying in a letter to counsel: "Upon receipt of the answers to the interrogatories from Mr. Meredith, I waited to hear from you, but getting no word, I proceeded to a consideration of the matter and entered a final order in this case yesterday. Answer to the interrogatory was not pressed at any time before the cause was submitted to me on your motion for summary judgment. From this I understood that you were relying upon the answer filed in the State court. In any event I think the proposed exceptions and additional interrogatories came too late."

■ Having asked for judgment on the answers made in the state court, knowing

that their adversaries were contending that only the advances shown to have been made in the United States could be considered as a basis for judgment, and not seeking to introduce further evidence as to the other advances or to submit further interrogatories with regard thereto, appellants were in no position to insist that the case be reopened and that they be allowed to submit further interrogatories in an attempt to bolster their position after the judge had decided against them. Whether at that stage of the proceedings, the judge would set aside the judgment and permit the filing of additional interrogatories was a matter resting in his sound discretion; and, upon the facts before us, we are not prepared to say that the discretion was abused.

Appellants have made a motion in this court that we admit in evidence and consider on the question of his advances on prior voyages a deposition of one of the seamen of the Papazoglou taken prior to the trial in the lower court but never tendered in that court or even written up until after this appeal had been taken. This motion is mere trifling and will be denied. The introduction of additional evidence on appeal will be permitted only in exceptional cases where the interests of justice so require and where the party presenting such evidence has exercised due diligence to present it at the earliest possible moment. See The Juniata, 91 U.S. 366, 23 L.Ed. 208; Heros v. Cockinos, 4 Cir., 177 F.2d 570, 572; Petterson Lighterage & Towing Corp. v. New York Cent. R. Co., 2 Cir., 126 F.2d 992; Luksich v. Misetich, 9 Cir., 140 F.2d 812, 814.

Another contention made in the case of the Papazoglou is that there was error in offsetting costs recovered by the appellees against costs recovered by appellants in the proceedings up to and including the prior appeal. We see nothing to complain of in this so long as nothing is set off against awards on account of wages, and this has not been done.

In the case of the Virginia, appellants complain because the total award-
ed was less than the $1,900 originally paid into court; but it appears that the payment into court was made to cover prospective holding of liability, and there is no basis for holding appellees bound by any sort of estoppel with respect to the amount so paid. Complaint is made, too, because deduction was allowed on account of taxes required to be deducted by the Greek government from the wages of seamen; but we know of no principle of law which would justify our ignoring such a requirement of the law of a foreign government with respect to the rights of its nationals serving as seamen on a vessel flying its flag and subject to its jurisdiction. The judge below relied upon the wage accounts and portage bills as evidence of the amount of the tax; and there is nothing to justify us in setting aside his finding with regard thereto.

For the reasons stated, the decree appealed from in No. 6161 will be affirmed, that in No. 6162 will be modified by increasing the award to appellant Sardis as heretofore indicated, and, as so modified, it also will be affirmed.

No. 6161, affirmed.

No. 6162, modified and affirmed.