Antonio F. DeLIMA, Plaintiff-Appellant,

v.

TRINIDAD CORPORATION, Defendant-Appellee.

No. 290, Docket 27011.

United States Court of Appeals Second Circuit.

Argued March 9, 1962.

Decided April 30, 1962.

Theodore H. Friedman, New York City (Henry Isaacson and Jacob Rassner, New York City, on the brief), for plaintiff-appellant.

John B. Shields, New York City (Bigham, Englar, Jones & Houston, New York City, on the brief), for defendant-appellee.

Before WATERMAN, KAUFMAN and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

This is an appeal by a seaman from an adverse judgment in his action to recover damages for personal injuries allegedly sustained while a member of the crew of a vessel owned by defendant.

Plaintiff's Jones Act [1] and unseaworthiness claims were submitted to a jury which rendered a verdict for defendant. His claims for maintenance and cure, wages to the end of the voyage or until recovery from the injuries, and transportation expenses from Guam, where plaintiff left the vessel, to the United States were determined by the District Court, which denied all claims.

1.  46 U.S.C.A. § 688.

Plaintiff's case was to the effect that he was, on November 27, 1957, a fireman/watertender on defendant's S.S. Caribbean. On that day, the portion of the fireroom floor where defendant worked had become oily. Because two of the three wipers had left the ship earlier in the voyage and had not been replaced, the oil was not cleaned. While at work that morning, plaintiff slipped on the oil and injured his leg. As a result of his injury, plaintiff left the ship at Guam by mutual consent discharge. Plaintiff's theory was that maintenance of an insufficient complement of wipers was negligence and also rendered the vessel unseaworthy, thereby causing his injuries.

Defendant's case was to the effect that plaintiff suffered no injury while on board the ship. Evidence was introduced tending to show there was no oil on the fireroom floor and the loss of two wipers did not affect the cleanliness of the ship. Other evidence rebutted plaintiff's testimony that he had reported the alleged leg injury and tended to show that plaintiff's leaving of the ship at Guam was a result of his own wishes and not because of any injury.

█ The issues so framed were submitted to the jury. The instructions to the jury for the most part indicated that unseaworthiness "does not in any way depend upon negligence or fault or blame." Nevertheless, when the trial judge sought to explain plaintiff's contentions as to the insufficient complement of wipers, he stated, "As part of seaworthiness the vessel owner is due to use reasonable care and caution in furnishing a sufficient complement of crew members for the work of each seaman to be reasonably safely done by him." [2] In view of the "complete divorcement of unseaworthiness liability from concepts of negligence," Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 550, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960), this statement was error. Defendant contends, however, it was harmless error since other parts of the charge stated the law correctly. We do not agree. The challenged statement was not equivocal or subject to differing interpretations which might be clarified by other portions of the charge. We cannot assume the jury disregarded it. At best, it was likely to leave the jury highly confused, that alone being grounds for reversal. Moreover, the erroneous instruction was given in a critical portion of the instructions. The reference to "reasonable care and caution" was not made in the abstract discussion of the law but occurred when the trial judge was relating the law to the facts of this particular case and to the specific contention advanced by the plaintiff as to the number of wipers aboard when the alleged injury occurred. The judge was in fact explaining to the jury precisely what plaintiff had to prove to recover under the doctrine of unseaworthiness. An erroneous statement of the law at that point cannot be described as harmless. As Mr. Justice Frankfurter has said, "If it is a specific ruling on a vital issue and misleading, the error is not cured by a prior unexceptional and unilluminating abstract charge." Bollenbach v. United States, 326 U.S. 607, 612, 66 S.Ct. 402, 90 L.Ed. 350 (1946).

█ The trial judge also refused, upon request, to charge the jury that the doctrine of assumption of risk was not applicable to plaintiff. The denial was based on the grounds that the doctrine had not been pleaded by defendant and was not an issue in the case. We believe, however, that such an instruction would have been proper to avoid confusion in the jury's mind.

██ Plaintiff also asserts the trial court's denial of his requested charge on proximate cause as to his Jones Act claim was error. Plaintiff requested the court to charge that if the employer's negligence "played any part, even the slightest, in producing an injury to plaintiff, the plaintiff may recover. * * *" The Court, however, gave the traditional common law instruction that

---

2. A timely exception was taken to this portion of the charge.

"Proximate cause is that cause which in the natural and continuous sequence, unbroken by any efficient intervening cause, produces the result complained of, and without which it would not have occurred." Since the language of the requested charge was taken directly from Rogers v. Missouri Pac. R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 1 L.Ed. 2d 493 (1957),[3] a decision which reflects the Supreme Court's view that the Federal Employers' Liability Act, 45 U.S. C.A. § 51 et seq. and the Jones Act are departures from traditional common law principles, we believe the requested charge should have been given. See also Ferguson v. Moore-McCormack Lines, Inc., 352 U.S. 521, 523, 77 S.Ct. 459, 1 L.Ed.2d 515 (1957).[4]

█ The trial judge found against plaintiff on his claims for maintenance and cure, wages, and transportation expenses. In denying relief, the judge delivered oral findings of fact and conclusions of law. The precise basis of his ruling, however, is extremely unclear, for his findings are highly conclusory and shed little light on his view of the facts. Boiled down, his findings and conclusions were simply that defendant was relieved of its "obligation" to provide maintenance and cure after plaintiff left the ship and that defendant was not the "proximate cause" of the unearned wages and transportation costs. Even after repeated requests by plaintiff's counsel, the judge refused to state his finding as to whether plaintiff had suffered an injury aboard the ship or even to state whether he believed that factual question to be relevant or irrelevant to his determination of the case. He merely said he believed he had "covered that" when in fact there is no explicit finding. To be sure, we might presume from his legal conclusions that he disbelieved plaintiff's testimony as to the alleged injury, but an assumption of consistency between evidentiary facts and ultimate legal conclusions would be little more than an abdication of our responsibility to determine whether the trial judge correctly applied the law to the facts as he found them. The judge may have disbelieved plaintiff's story entirely and correctly concluded his claims were without merit. Or he may have believed plaintiff was in fact injured but only slightly and that he left the ship for reasons unrelated to the injury. Here, too, the claims would be denied. But the judge might also have concluded the injury issue was irrelevant because the mutual consent discharge was legally conclusive upon him without inquiry into the circumstances surrounding its execution or the extent to which plaintiff was aware of what he was signing.[5] Such a ruling would be erroneous. Pacific Mail S.S. Co. v. Lucas, 264 F. 938 (9 Cir. 1920), aff'd 258 U.S. 266, 42 S. Ct. 308, 66 L.Ed. 614 (1922).

Since these claims were tried before the court and not a jury, we might examine the record and make the factual findings necessary to enable us to apply the applicable legal rules. Nevertheless, the factual issues here involve sharply contested questions of credibility which do not lend themselves to easy resolution by reference to a cold record. Moreover, because there must in any event be a new trial on the unseaworthiness and Jones Act claims and because these encompass much that is involved in the other claims, we believe there should also be a new trial as to maintenance and cure, unpaid wages, and transportation expenses. Reversed and Remanded.

---

3. The standard of liability under the Jones Act is governed by the substantive provisions of the Federal Employers' Liability Act. 46 U.S.C.A. § 688. See Ferguson v. Moore-McCormack Lines, Inc., 352 U.S. 521, 523, 77 S.Ct. 459, 1 L.Ed. 2d 515 (1957).

4. The parties are in much dispute as to the admissibility of a document offered by plaintiff. We do not decide this issue since plaintiff may be able to obtain plainly admissible documents before the new trial.

5. No findings were made on these factual matters.