**UNITED STATES of America,**
**Appellant,**

v.

**Joseph T. SCARBOROUGH, Joe E. Bennett, W. F. Harper, as Registrars of Voters of Perry County, Alabama, and State of Alabama, Appellees.**

**No. 21860.**

United States Court of Appeals
Fifth Circuit.

June 30, 1965.

James L. Kelley, Harold H. Greene, Dept. of Justice, Washington, D. C., Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., Burke Marshall, Asst. Atty. Gen., Battle Rankin, Atty., Department of Justice, Washington, D. C., for appellant.

Gordon Madison, Asst. Atty. Gen., Richmond M. Flowers, Atty. Gen., Montgomery, Ala., for appellees.

Before TUTTLE, Chief Judge, and EDGERTON * and SMITH,** Circuit Judges.

TUTTLE, Chief Judge:

This is a companion case to No. 22,305, also decided this day under the style of United States of America, Appellant, v. Scarborough, Joe E. Bennett, W. F. Harper, 348 F.2d 168, as Registrars of Voters of Perry County, Alabama, and the State of Alabama. The persons named in these two cases have succeeded to the office of Registrar of Voters in Perry County, Alabama and have been substituted as parties automatically pursuant to Rule 19(4) of this Court. See Rule 25, Federal Rules of Civil Procedure.

This appeal brings into question the action of the trial court in dismissing the State of Alabama as a party in the case before final hearing and disposition of the case and upon motion by the State to have the injunction against it dissolved and the State dismissed. This order is appealable under 28 U.S.C.A. § 1292(a) (1), which authorizes appeals from "interlocutory orders of the district courts of the United States * * * granting, continuing, modifying, refusing or dissolving injunctions."

The trial court assigned no reason for its order of dismissal. However, the State's motion to vacate the injunction and to dismiss was stated as being "the particular ground of that motion is that you have an acting Board of Registrars in Perry County, and no necessity appears under the construction given to the Civil Rights Act, by at least two opinions of the Fifth Circuit, for keeping the State of Alabama in as a party." The cases referred to by the State of Alabama in the above quote apparently are United States v. Atkins, 5 Cir., 323

---

* Senior Circuit Judge of the D.C. Circuit, sitting by designation.

** Of the Third Circuit, sitting by designation.

F.2d 733 and United States v. Ramsey, 5 Cir., 331 F.2d 824.

We find no basis in the Atkins decision for the action of the trial court here in dismissing the State of Alabama as a party defendant in this case. In fact, in the Atkins opinion, the Court stated, "It should be recalled that the State of Alabama is a party to this action and is responsible for the discriminatory acts and practices of the registrars." 323 F.2d 733, 739. Then, so far as the Ramsey case is concerned, it must be remembered that the action of the trial court there in dismissing the State of Mississippi as a party occurred after a final hearing and judgment in the case. It is, therefore, no authority for the action of the trial court here in dismissing the State of Alabama and dissolving the injunction as to it before final hearing after the Court had expressly made a determination at the time of issuing the preliminary injunction here that:

> "3. The State of Alabama is properly joined as a party-defendant pursuant to § 601b of the Civil Rights Act of 1960, 42 U.S.C. 1971 (c).
> "4. Acts and practices of the defendant Registrars and their predecessors which violate 42 U.S.C. 1971 (a) are also the acts and practices of the defendant State. Civil Rights Act of 1960, § 601(b)."

Moreover, the most recent decisions of this Court make it abundantly clear that where a complaint of this nature seeks the relief of "freezing" of voting standards previously applied to registered white citizens for a reasonable time until discriminatorily disfranchised Negro citizens have an opportunity to qualify the State must be a party to the litigation at least until the final hearing. See United States v. State of Mississippi, 5 Cir. 1964, 339 F.2d 679, 684 and United States v. Duke, 5 Cir. 1964, 332 F.2d 759, 770. This view of the Court has been most recently stated in the opinion in United States v. Ward, 345 F.2d 857, (May 25, 1965), which reviews the prior litigation dealing with this subject. We also call attention to the most recent statement of the Supreme Court on this subject in United States v. Mississippi, 1965, 380 U.S. 128, 138, 85 S.Ct. 808, 13 L.Ed.2d 717, on appeal from a three-judge District Court.

We conclude, therefore, that the trial court erred in vacating the injunction against the State of Alabama and dismissing the State as a party-defendant in the preliminary stages of this litigation.

The order of the trial court appealed from is vacated and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.