Antonios ORGETTAS, Appellant,

v.

Liberian S/T CRINIS, her boats, engines, tackle, apparel, etc., Liberian S/T NEFELI, her boats, engines, tackle, apparel, etc., and Mara Steamship Co., S.A., Polaris Steamship Co., S.A., Boyd, Weir & Sewell Inc., and Andreadis (U.K.) Ltd., all foreign corporations or associations, and Stratis G. Andreadis, a non-resident, as owners and/or operators of the Liberian S/T Crinis and the Liberian S/T Nefeli and Dimitrios Pitaoulis and John Doe, both non-residents, individually and as Masters of the Liberian S/T Crinis and the Liberian S/T Nefeli, Appellees.

No. 71-1180.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 5, 1973.

Decided Dec. 6, 1973.

Burt M. Morewitz, Newport News, Va., for appellant.

Virgil S. Gore, Jr., Norfolk, Va. (John R. Crumpler, Jr., and Seawell, McCoy, Winston & Dalton, Norfolk, Va., on brief), for appellees.

Before CLARK, Associate Justice, Retired, Supreme Court,* HAYNSWORTH, Chief Judge, and CRAVEN, Circuit Judge.

PER CURIAM:

We heard seaman Orgettas' prior appeal from the refusal of the district court to exercise its admiralty jurisdiction on August 31, 1971, and upon stipulation of the respondents that they would voluntarily enter a general appearance in the appropriate Greek court and consent to a trial there, we vacated the district court's order declining jurisdiction and remanded the case for retention on the docket pending consummation of respondents' agreement.

On this second appeal it now appears that the agreement has been fully consummated. The Greek court entertained the suit by Orgettas against Mara Steamship Corporation on the merits and concluded that Greek law, rather than the law of the flag (Liberia), applied because the original employment contract between Orgettas and Mara was entered upon in Greece. The Greek court further held that Orgettas was not entitled to recover under Greek law for having allegedly contracted tuberculosis during his employment as a seaman aboard the CRINIS.[1]

Having lost in Greece, Orgettas returned to the United States district court, and that court again declined to exercise admiralty jurisdiction.

Absence of another forum in which a seaman can receive a hearing on the merits is "a persuasive argument for exercising a discretionary jurisdiction to adjudge a controversy." Gkiafis v. Steamship YIOSONAS, 387 F.2d 460, 462–463 (4th Cir. 1967), quoting Lauritzen v. Larsen, 345 U.S. 571, 589–590 (1953). But here respondents made a Greek forum available. Moreover, and more importantly, there is here not even one significant contact between the foreign seaman and the United States. See, e. g., Heros v. Cockinos, 177 F.2d 570 (4th Cir. 1949); The Fletero v. Arias, 206 F.2d 267 (4th Cir. 1953). To require the district court to exercise jurisdiction under these circumstances would make such jurisdiction compulsory rather than discretionary. See Heredia v. Davies, 12 F.2d 500 (4th Cir. 1926). The district court has not exercised its discretion "on wrong principles" nor has

---

* Sitting by Designation.

1. As to the respondent, Polaris Steamship Corporation (the NEFELI), the Greek court held that it lacked jurisdiction because, unlike the contract with Mara, the contract between Orgettas and Polaris was not signed in Greece and there were insufficient other contacts with Greece to bring the claim within the Greek court's jurisdiction. Since the claim asserted against Polaris is identical with that asserted against Mara it seems reasonable to assume that had the Greek court exercised jurisdiction the result on the merits would have been the same, i. e., a declaration that Greek law applied and that it afforded Orgettas no relief.

it "acted so absolutely differently" from the view which this court holds that we are justified in saying such discretion has been exercised wrongly. The BELGENLAND v. Jensen, 114 U.S. 355, 368, 5 S.Ct. 860, 29 L.Ed. 152 (1885).

Affirmed.